# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## BATESVILLE DIVISION

| | |
|---|---|
| CAROL A. LAWRENCE, | * |
| | * |
| Plaintiff, | * |
| v. | * |
| | *   No. 1:19-cv-00083-JJV |
| ANDREW SAUL, | * |
| Commissioner of Social Security, | * |
| | * |
| Defendant. | * |

## MEMORANDUM AND ORDER

Plaintiff, Carol Lawrence, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits. The Administrative Law Judge (ALJ) concluded Ms. Lawrence had not been under a disability within the meaning of the Social Security Act, because she could perform her past relevant work as an eligibility worker despite her impairments. (Tr. 15-23.)

This review is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether the Plaintiff was denied benefits due to a legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful review of the pleadings and evidence in the case, I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint should be DISMISSED.

Ms. Lawrence was fifty-one years old at the time of the administrative hearing. (Tr. 34.) She testified she is a high school graduate and attended college for two years. (*Id.*) She has past work as an eligibility worker. (Tr. 23.)

The ALJ[1] first found Ms. Lawrence met the disability eligibility requirements to apply for disability insurance benefits. (Tr. 17.) She has not engaged in any substantial gainful activity since the alleged onset date. (*Id.*) She has severe impairments, but the ALJ found that these impairments did not meet or equal one of the listed impairments in 20 C.F.R. Part 4, Subpart P, Appendix 1.[2] (Tr. 17-19.)

The ALJ determined Ms. Lawrence had the residual functional capacity ("RFC") to perform sedentary work but was limited to jobs requiring her to only "occasionally climb, kneel, crouch, and reach overhead bilaterally." (Tr. 20.) Utilizing the services of a vocational expert (VE), the ALJ determined Ms. Lawrence could perform her past relevant work as eligibility worker. (Tr. 23.) Accordingly, the ALJ determined Ms. Lawrence is not disabled. (*Id.*)

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision. (Tr. 1-3.) Therefore, the ALJ's decision is the final decision of the Commissioner. Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of her Complaint, Plaintiff argues that the ALJ failed to resolve a conflict between the RFC determination and Plaintiff's past relevant work. (Doc. No. 15 at 10-16.) Specifically, Ms. Lawrence argues that the job of eligibility worker requires overhead reaching in excess of the ALJ's RFC determination. Plaintiff points to the U.S. Department of Labor's Dictionary of Occupational Titles (DOT) and argues, ". . . the one job identified by the VE—eligibility worker (DOT 195.267-010)—requires frequent reaching. The VE's testimony that Lawrence can perform this job despite being limited to occasional overhead reaching with both arms created an apparent conflict with DOT vocational requirements." (Doc. No. 15 at 10-11.) Ms. Lawrence cites to *Kemp v. Colvin*, 743 F.3d 630 (8th Cir. 2014), holding that the ALJ "has an affirmative responsibility to ask about 'any possible conflict' between VE evidence and the [Dictionary of Occupational Titles], and its companion publication (the SCO), on the requirements of a job or occupation before relying on VE evidence to support a determination of not disabled." (*Id.* at 633.)

The Commissioner counters and argues that the ALJ focused on the job as it was actually performed by Ms. Lawrence. The Commissioner points to Plaintiff's own description of the job whereby she reports the job of eligibility worker requires reaching only one hour a day. (Tr. 257.)

I also note that Plaintiff's full description of the job did not suggest she was required to frequently reach overhead. Ms. Lawrence reported she "interviewed clients. . . certified income expense reports. . . processed applications [and] organized reports for qualification or denial." (*Id.*)

3

She further reported she "lifted client charts [and] carried them to [the] file room throughout the day." (*Id.*)

In *Kemp*, the Eighth Circuit reversed because:

> While the ALJ gave specific directions to the VE before he testified, the record does not reflect whether the VE or the ALJ even recognized the possible conflict between the hypothetical describing a claimant who could reach overhead only occasionally, and DOT job listing # 737.687-026 indicating that a check-weigher job involved constant reaching. Further, the VE did not explain the possible conflict and the ALJ sought no such explanation.

*Kemp*, 743 F.3d at 633.

Here, the ALJ and VE do not address any possible conflict in the DOT description. But as the Commissioner argues:

> The ALJ made it clear that he, himself, compared Plaintiff's residual functional capacity to the work demands when finding that Plaintiff "is able to perform it as actually [] performed" (Tr. 23). While the ALJ also cited to the vocational expert's testimony, the ALJ did not exclusively rely on it. (Tr. 23). At step 4, a vocational expert's testimony is not necessary to find that a claimant can do his or her past work.

(Doc. No. 17 at 6.)

Upon close review of the ALJ's decision and the description of Ms. Lawrence's past relevant work as she describes it, I find no reversible error here. While Ms. Lawrence raises a fair question, I find the ALJ's decision on this point to be supported by substantial evidence.

I have also considered Ms. Lawrence's only other remaining argument – that the ALJ failed to consider her excellent work history – and find no reversible error here either. I am persuaded by the Commissioner's arguments on this issue. (Doc. No. 17 at 7-10.)

Ms. Lawrence's counsel has done an admirable job of advocating for Plaintiff. But it is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his

findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.  *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.  There is ample evidence on the record as a whole that a "reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex. Rel. Reutter v. Barnhart*, 372 F.3d 946 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final decision of the Commissioner is affirmed, and Plaintiff's Complaint is dismissed with prejudice.

IT IS SO ORDERED this 2nd day of April 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE